FRANK McCOOE *vs.* DIGHTON, SOMERSET, AND SWANSEA
STREET RAILWAY COMPANY.

Bristol.   January 9, 1899. — March 6, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, & LATHROP, JJ.

*Evidence — Matter within Discretion of Presiding Justice — Privilege of
Witness.*

A witness having testified to a fact from memory, it is discretionary with the pre-
siding justice how far he shall be permitted to give further testimony also
depending upon his truthfulness in order to render credible a statement which,
if he were truthful, is enough in itself.

If in a civil case one of the parties insists upon his privilege to exclude testimony
that would throw light upon the merits of the case and the truth of his testi-
mony, it is a proper subject of comment, and therefore the party may be com-
pelled to elect in person.

TORT, for personal injuries occasioned to the plaintiff while in
the defendant's employ.   At the trial in the Superior Court on
a count in the declaration at common law, before *Sheldon*, J., the
jury returned a verdict for the defendant; and the plaintiff al-
leged exceptions, which appear in the opinion.

*J. W. Cummings*, (*C. R. Cummings* with him,) for the plaintiff.

*H. M. Knowlton*, (*F. H. Nash* with him,) for the defendant.

HOLMES, J.   This is an action for personal injuries caused by
a collision between two electric cars upon one of which the plain-
tiff was a motorman.   The defence was that the plaintiff and
the conductor of his car were acting against orders in not hav-
ing waited for the other car at a turn-out, where they should
have met it at seven o'clock.   Evidence was offered that the
plaintiff's car left this turn-out before seven.   On the other
side, the conductor of the plaintiff's car testified that he started
nine or ten minutes late, and did not leave the turn-out un-
til five minutes after seven.   The running time from the
starting point to the turn-out was about ten minutes.   Upon
cross-examination it appeared that the conductor had signed a
report giving the starting time on that day as ten minutes before
seven, and he explained the discrepancy between this report
and his testimony by his having signed the report before he

started on his first trip, at a little after five. Upon a redirect examination the plaintiff offered to show that filling up the reports beforehand was common, and that this practice was known to the superintendent. This evidence was rejected, and the plaintiff excepted.

The exception must be overruled. The witness could not carry his testimony higher than to state what, as he said, he remembered specifically concerning the particular occasion. That was final, if believed. It was a matter of discretion whether and how far the court should allow the witness to give further testimony also depending, of course, upon his truthfulness in order to render credible a statement which, if he was truthful, was enough in itself. *Commonwealth* v. *Bishop,* 165 Mass. 148, 152. *Peabody* v. *Knapp,* 153 Mass. 242, 245. *Delano* v. *Smith Charities,* 138 Mass. 63. *Ashley* v. *Wolcott,* 11 Cush. 192, 196.

The plaintiff alleged that the accident was due to a defective brake. The defendant called the lawyer who sent the statutory notice of the accident, and asked him whether in the interview between him and the plaintiff following which the notice was sent anything was said about the brake being out of repair. The counsel for the plaintiff objected to testimony concerning confidential communications of a client. The court required the plaintiff to state in person whether he objected. Thereupon an exception was taken to this requirement, and then by advice of counsel the plaintiff gave the lawyer leave to tell everything, and the latter testified that the plaintiff said nothing about a brake being out of repair, but said that the rails were wet and slippery, etc. We should not like to overrule this exception on the ground that it was waived by the plaintiff's waiver of his privilege. For if the court was wrong in requiring a personal expression from the plaintiff, then the waiver was made to avoid an inference which was dangerous to his case, and to which he ought not to have been exposed. But we are not prepared to say that the court was wrong or exceeded the limits of the discretion allowed to the presiding judge by the law. It is no part of the conduct of the case to object or consent to evidence which is excluded only because of a personal privilege. By accident, the privilege in this case belonged to the plaintiff, but

it might as well have belonged to any one else, and clearly if it had belonged to a third person it would not have rested with the plaintiff's lawyer to waive or to assert it. *Commonwealth* v. *Shaw,* 4 Cush. 594. We do not see that it matters that the privilege was the plaintiff's own. Inasmuch as to assert or waive it was not primarily a weapon for the trial, but a right standing on independent grounds, the court might in its discretion feel unwilling to assume that control of that weapon was intrusted to the counsel in the case without an assurance to that effect from the party himself. The plaintiff had testified, and although this was not of itself a waiver of privilege, (*Montgomery* v. *Pickering,* 116 Mass. 227, 231,) it was so far a submission to be examined upon the same matter that it may have given the judge an additional reason for directing a personal inquiry.

But we are prepared to go one step further. In a civil case, if one of the parties insists upon his privilege to exclude testimony that would throw light upon the merits of the case and the truth of his testimony, we are of opinion that it is a proper subject for comment. *Andrews* v. *Frye,* 104 Mass. 234, 236. See *Commonwealth* v. *Smith,* 163 Mass. 411, 430 *et seq.* This being so, it was proper for the court to compel the plaintiff to take the full responsibility of the choice. .

The other exceptions are waived.     *Exceptions overruled.*