(162 App. Div. 13)

NEW YORK PRODUCE EXCHANGE BANK v. TWELFTH WARD BANK OF CITY OF NEW YORK.  (No. 5671.)

(Supreme Court, Appellate Division, First Department.  May 1, 1914.)

TRIAL (§ 114*)—EVIDENCE—EXPERIMENTS—OBJECTIONS—ARGUMENT OF COUNSEL.

Where the issue was whether a check had been raised or merely filled in, a party, calling a handwriting expert who testified that if the check had been raised he could by chemicals demonstrate that fact, could, in the presence of the jury, ask the expert to make the demonstration, and on the refusal of the court, on the objection of the adverse party, to permit the demonstration, though an expert of such party testified that if the check had been raised he could by a chemical demonstrate that fact, the party could comment on the fact that the demonstration was excluded because of the objection of the adverse party.

[Ed. Note.—For. other cases, see Trial, Cent. Dig. §§ 275–278, 296; Dec. Dig. § 114.*]

Appeal from Trial Term, New York County.

Action by the New York Produce Exchange Bank against the Twelfth Ward Bank of the City of New York.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed, and new trial ordered.

See, also, 144 App. Div. 896, 128 N. Y. Supp. 1136; 207 N. Y. 659, 100 N. E. 1131.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Otto C. Sommerich, of New York City, for appellant.
James E. Kelly, of New York City, for respondent.

McLAUGHLIN, J.   The plaintiff paid a check of one of its depositors for $2,105.90 to the defendant for one of its depositors. Plaintiff claims that the check had been raised from $5.69, and brought this action to recover the amount paid, on the ground that it was done under a mistake of fact.

There have been three trials.   The first resulted in a verdict in favor of the defendant, but on appeal the judgment was reversed for errors in the charge, and a new trial ordered.   135 App. Div. 52, 119 N. Y. Supp. 988.   At the second trial a verdict was directed in favor of plaintiff, and on appeal the judgment was affirmed (144 App. Div. 896, 128 N. Y. Supp. 1136), but reversed by the Court of Appeals (207 N. Y. 659, 100 N. E. 1131), and a new trial ordered, on the ground that there was a question of fact involved, which should have been submitted to the jury, viz., whether the check in question were forged or "filled in."

. Upon the third trial two questions were submitted to the jury: (1) Was the check described in the complaint a forgery?   (2) Was the check described in the complaint a filled-in check?   The first question was answered in the affirmative, and the second in the negative, and the trial court thereupon directed a verdict in favor of the plaintiff for the amount claimed.   Defendant appeals from the judgment entered thereon and an order denying a motion for a new trial.

The evidence as to whether the check were raised or filled in was conflicting.   It, however, is unnecessary to refer to it at length, since the conclusion reached is that there must be a new trial for an error committed by the trial judge.   Plaintiff's witness Carvalho, an expert in handwriting, in answer to questions put to him as to whether the check were raised or filled in, stated that if it were raised he could, by the use of a weak solution of potassium ferrocyanide, demonstrate that fact.   Thereupon defendant's counsel, not in the hearing of the jury, stated that he was willing to have the test made and agreed that defendant would be bound by the result.   Plaintiff's counsel, however, would not consent to have the witness make the experiment.   The learned trial judge was willing the experiment should be made if plaintiff's counsel consented; otherwise not.   The plaintiff's counsel would not consent, and the trial judge then ruled that defendant's counsel could not make the offer in the presence of the jury, to which an exception was duly taken.

Defendant's expert in handwriting, Mr. Alexander, also testified, in the presence of the jury, if the check were raised he could, by the use of chemicals, demonstrate that fact.   Defendant's counsel then offered to permit the test to be made, but the plaintiff's counsel again objected, and the court instructed the jury to disregard the offer, at the same time saying it "should not affect you."   To this ruling an exception was also taken.   Further attempt was made to show that defendant was willing to have the witness demonstrate, if he could, that the check had been raised; but upon the objection of plaintiff's counsel the testimony was excluded, the court saying:

"Now, Mr. Katz, we have had two or three intimations of what my ruling is on that matter, and I don't want any further attempt at it. * * * There can't possibly be a mistake about that, and I charge the jury to disregard it."

To which exception was taken.

I think the court erred in its ruling. Defendant's counsel had a right to make the offer in the presence of the jury, and when the testimony was excluded by reason of the objection made by plaintiff's counsel, then that fact was a fair subject of comment to the jury. The testimony, as indicated, was conflicting as to whether the check had been raised. Plaintiff, by calling its expert as a witness, vouched for his credibility; and if he and defendant's expert had been permitted to make the experiment, and they had agreed on the result, it would have demonstrated the crucial fact in the case, viz., whether the check were filled in or a forgery. This evidence having been excluded upon plaintiff's exception, it was a proper fact to lay before the jury, and became a proper subject of comment to them. This is under the rule that, if evidence is material and competent, except for a personal privilege of one of the parties to have it excluded, his claim of the privilege may be referred to in the argument, and considered by the jury, as indicating his opinion that the evidence, if received, would be prejudicial to him. Deutschmann v. Third Ave. R. R. Co., 87 App. Div. 503, 84 N. Y. Supp. 887; Phillips v. Chase, 201 Mass. 444, 87 N. E. 755, 131 Am. St. Rep. 406. This was clearly pointed out in McCooe v. Dighton St. R. R. Co., 173 Mass. 117, 53 N. E. 133, the court saying:

"In a civil case, if one of the parties insists upon his privilege to exclude testimony that would throw light upon the merits of the case and the truth of his testimony, we are of opinion that it is a proper subject for comment."

The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to appellant to abide event. All concur.