[No. 26799. Department Two. May 5, 1938.]

CLAIRE SUMPTER *et al., Respondents,* v. NATIONAL GROCERY COMPANY, *Appellant.*[1]

[1]Reported in 78 P. (2d) 1087.

*Ralph S. Pierce, Edwin J. Cummins,* and *Gordon H. Sweany,* for appellant.

*Henderson & McBee,* for respondents.

STEINERT, C. J.—Plaintiffs joined in bringing an action to recover damages for personal injuries to the one and property damage to the other. The action grew out of a collision between a truck owned by defendant and operated by its employee, and an automobile owned by plaintiff Powers and driven at the time by plaintiff Sumpter in company with a friend. The action was tried before a jury, which returned a verdict for defendant. From an order granting plaintiffs a new trial, defendant has appealed.

The principal question presented on the appeal is whether or not a claim of privileged communication exercised by one party is subject to comment before the jury by the other.

In the course of the trial, while respondent Sumpter was putting in her evidence, appellant obtained permission to call, in defense, one of its own witnesses, a physician, whose duties had made it necessary for him to leave court early. The physician had previously been employed by appellant to make a special examination of Mrs. Sumpter and to testify in court as to the results thereof. Following a few preliminary questions relating to the qualifications of the witness, it developed that, a short time before his special examination of Mrs. Sumpter, he had been called into consultation by

her attending physician, and that he had at that time made a general examination of her to determine whether or not an abdominal operation was necessary.

Mrs. Sumpter did not know that the witness had ever been employed by appellant until he appeared in court. On the other hand, appellant did not know that the witness had ever been called into consultation on behalf of Mrs. Sumpter or that he had made a prior examination of her. It appears that the arrangement for the special examination by appellant's witness was made between the two physicians alone, and that both of them had acted in good faith throughout the transaction. No one seems to have anticipated the legal complications that arose later.

When the true situation became known at the trial as a result of the preliminary inquiry, respondent Sumpter, through her attorney, objected to further testimony by the witness on the ground that it concerned a privileged communication within Rem. Rev. Stat., § 1214 [P. C. § 7725]. The court sustained the objection, and the witness was excused. Respondents then proceeded with their evidence, in the course of which Mrs. Sumpter's own attending physician was called. He testified at length and in detail as to her physical condition during a long period of time prior to and following the date of the accident. In the argument to the jury, appellant's counsel commented on the fact that, under a claim of privilege, respondent Sumpter had kept out the testimony of appellant's physician witness. Respondents' counsel excepted to the remarks and asked the court to instruct the jury to disregard them. This the court declined to do. Further comment of the same nature was subsequently made in appellant's argument.

The motion for new trial was granted by the court solely on the ground that the remarks of appellant's

counsel were improper, and that the jury should have been instructed to disregard them.

What appellant's witness would have stated had he been permitted to testify, does not appear from the record. No attempt or offer was made by appellant to recall the excused witness after respondent Sumpter had herself fully elicited the information concerning her physical condition through her attending physician. Hence, the question of waiver of privilege is not before us; nor is the question of the effect of respondent Sumpter's failure to call the particular physician as her own witness presented here. We therefore express no opinion on either of those questions.

■ Rem. Rev. Stat., § 1214, in so far as it is material in this case, provides as follows:

"The following persons shall not be examined as witnesses:— . . .
"4. A regular physician or surgeon shall not, without the consent of his patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him to prescribe or act for the patient; . . ."

The witness came within the statutory rule. He was a regular physician; Mrs. Sumpter was his patient at the time that he made his first examination of her; the information afforded by his second examination was acquired in his attendance upon her. Although he had, in the meantime, been employed by appellant for the purpose of the second examination of Mrs. Sumpter, she had submitted to it under the belief that he was still her physician and that the second examination was necessary to enable him to prescribe or act for her. She had no knowledge to the contrary. He therefore continued to be her physician and she his patient within the purview of the statute. We do not understand that appellant contends to the contrary in this respect.

 The statutory rule prescribed by the legislature establishes a legal right to have certain specific testimony excluded, and it is implicit in the statute that such right may be exercised without making it the subject of unfavorable inference by the trier of the facts. The exclusion of such evidence rests in a public policy and is for the general interest of the community. To hold that the exercise of the statutory privilege gives rise to adverse inferences by the jury, would be to dissipate the protection which the statute provides; and to permit counsel to comment on the exercise of such privilege, would enable him to incite the jury to draw inferences adverse to the protection afforded by the statute.

A case from this court closely in point is that of *Lane v. Spokane Falls & Northern R. Co.,* 21 Wash. 119, 57 Pac. 367, 75 Am. St. 821, 46 L. R. A. 153, from which we quote the paragraph bearing on the question:

"Nor did the court err in refusing defendant's requests for instructions numbered one and two. It appears that Drs. Russell and Catterson had been consulted by plaintiff in their professional capacity as physicians, and had made physical examinations of the plaintiff, for the purpose of determining her injuries. At the trial the defendant called them as witnesses, and, upon plaintiff's objection, the court refused to permit them to testify to any information acquired on such examinations. By instructions one and two, which were refused, the court was asked to tell the jury in effect that they might infer from plaintiff's refusal to consent to the doctors testifying that their testimony, if given, would have been unfavorable to plaintiff's cause. We think the defendant was not entitled to have these instructions given. The court correctly ruled that these gentlemen could not, without plaintiff's permission, give testimony as to any information obtained in their professional capacity, and, if the plaintiff had the legal right to have this testimony ex-

cluded, she could exercise that right without making it the subject of comment for the jury."

The case of *Braseth v. Farrell,* 176 Wash. 365, 29 P. (2d) 680, is analogous to this case in both principle and reason, although the controversy there arose out of counsel's argument with reference to an objection made by the opposition to evidence which was inadmissible because of the inhibition of Rem. Rev. Stat., § 1211 [P. C. § 7722]. We there said:

"Rules of evidence in a jury trial would be worse than useless if counsel could argue to the jury as counsel did in this instance. An objection to the introduction of inadmissible evidence could only be made at the peril of later listening to opposing counsel argue to the jury that, by interposing the objection, counsel had kept from the jury facts which would have aided them in determining the rights of the parties. The jury would probably infer from the argument of respondents' counsel that the testimony which respondents sought to elicit from Mrs. Farrell, and to which appellant objected, would have been damaging to appellant. The jury had no right to consider any such matter. The argument was entirely outside the lawful limits of the record and was extremely improper."

The rule above announced is in accord with the weight of direct and analogous authority. *Thomas v. Gates,* 126 Cal. 1, 58 Pac. 315; *Brackney v. Fogle,* 156 Ind. 535, 60 N. E. 303; *William Laurie Co. v. McCullough,* 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337, Ann. Cas. 1913A, 49; *McConnell v. Osage,* 80 Iowa 293, 45 N. W. 550, 8 L. R. A. 778; *Bales v. Evans,* 182 Mich. 383, 148 N. W. 790; *National German-American Bank v. Lawrence,* 77 Minn. 282, 79 N. W. 1016, 80 N. W. 363; *Meyer v. Russell,* 55 N. D. 546, 214 N. W. 857; *Travelers' Ins. Co. v. Pomerantz,* 124 Misc. 250, 207 N. Y. Supp. 81; *Pennsylvania R. Co. v. Durkee,* 147 Fed. 99 (2 C. C. A.), 78 C. C. A. 107; *Halsband v. Columbian Nat. Life Ins.*

Co., 67 F. (2d) 863 (2 C. C. A.); *Wentworth v. Lloyd,* 10 H. L. C. 589, 11 Eng. Reprint 1154.

Cases holding to the contrary are the following: *McCooe v. Dighton, S. & S. St. R. Co.,* 173 Mass. 117, 53 N. E. 133; *Phillips v. Chase,* 201 Mass. 444, 87 N. E. 755, 131 Am. St. 406; *Deutschmann v. Third Ave. R. Co.,* 87 App. Div. 503, 84 N. Y. Supp. 887; *New York Produce Exchange Bank v. Twelfth Ward Bank,* 162 App. Div. 13, 147 N. Y. Supp. 278.

The text writers, though seeming to decry the existence of the privilege, appear to be generally agreed that, if the statute accords it, no unfavorable inference can be drawn from the exercise thereof, and that comment on such exercise is not permissible. 5 Wigmore on Evidence (2d ed.), 218, § 2386; 5 Jones on Evidence (2d ed.), 4187, § 2195; 2 Nichols, Applied Evidence, 1735. See, also, Hyatt on Trials, § 1471.

The trial court's ultimate decision that the remarks were improper and that the jury should have been instructed to disregard them, was orderly and correct.

Appellant further contends that, in any event, the error, if any, was harmless. The evidence showed that, at the time of the accident, respondent Sumpter, accompanied by a friend, was driving the automobile owned by respondent Powers, but that the latter was not with her on that occasion. The court instructed the jury that Mrs. Sumpter's negligence, if any, could not be imputed to Mr. Powers. Appellant's argument is that, since the jury by its verdict found that there was no liability on the part of appellant, it could not have considered the question of damages, and that, since the jury found against both respondents, it must have absolved appellant of all negligence.

Respondents' evidence with reference to the collision consisted solely of the testimony of Mrs. Sumpter and her companion. Had her version of the accident been

believed, it would have established liability on the part of appellant. But throughout the case there also ran prominently the question of whether the extent of Mrs. Sumpter's injuries had been falsely asserted or grossly exaggerated. The objectionable remarks of counsel clearly intimated that, by claiming the statutory privilege, she was attempting to conceal the true facts and that she was testifying falsely. The court had instructed the jury that, if it believed that any witness had testified falsely in any material matter, then it was at liberty to disregard the testimony of such witness entirely, except in so far as it was corroborated by other credible evidence in the case.

Under the inferences raised by counsel's remarks, the jury might well have disbelieved respondent Sumpter upon the issue of damages. If it did, then, under the instruction of the court, it could for the same reason have disbelieved her testimony on the issue of negligence. Respondents were entitled to have their cases tried and submitted to the jury upon the vital issues, free from the objectionable comment.

Affirmed.

BEALS, MILLARD, ROBINSON, and BLAKE, JJ., concur.