ED HOWARD, Appellant, v. ROBERT PORTER et al., Appellees.

## No. 47289.

(Reported in 35 N. W. 2d 837)

FEBRUARY 8, 1949.

Edwin Willcockson and F. M. Beatty, both of Sigourney, for appellant.

Jones & White, of Ottumwa, and Hamilton & Updegraff, of Sigourney, for appellees.

MULRONEY, J.—In plaintiff's suit for damages for personal injuries resulting from an automobile collision, the jury returned a verdict for the defendants, the owner and operator of the truck that collided with plaintiff's car. No detailed statement of the facts of the accident is necessary for the appeal presents the question as to whether it is proper for counsel, in argument to the jury, to comment on the exercise by the opposing party of his right not to have his physician testify as to privileged matters and also whether or not the comment made in this case resulted in prejudicial error.

I. The Iowa statute in regard to the patient's privilege as to matters growing out of the relationship of physician and patient is section 622.10, Code, 1946, providing in part:

"No practicing * * * physician * * * who obtains such information by reason of his employment * * * shall be allowed, in giving testimony, to disclose any confidential communication properly entrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice * * *. Such prohibition shall not apply to cases where the party in whose favor the same is made waives the rights conferred."

This has been the statutory law since the Code of 1851 (section 2393). Although the prohibition of the statute is as to "communication", we early held it means the same as "information" and included not only the verbal communication of the patient to the physician but also the knowledge and information the physician gained by observation and personal examination of the patient in the discharge of his duties. Prader v. National Masonic Acc. Assn., 1895, 95 Iowa 149, 63 N. W. 601.

In many opinions we have held this statute should receive a liberal construction designed to carry out its manifest purpose to make consultation by a patient with his physician entirely confidential and free from anticipation or fear that this confidence will be broken by the examination of the physician as a witness in some legal proceeding. Prader v. National Masonic Acc. Assn., supra; Battis v. Chicago, R. I. & P. Ry. Co., 124 Iowa 623, 100 N. W. 543; Pride v. Inter-State Business Men's Acc. Assn., 207 Iowa 167, 216 N. W. 62, 62 A. L. R. 31.

We have held that privileged matter cannot be introduced by the adverse party to prove the patient's testimony untrue. Donovan v. Donovan, 231 Iowa 14, 300 N. W. 656, and cases there cited. And the patient's testimony on cross-examination regarding such privileged matter will not be construed as a waiver. Burgess v. Sims Drug Co., 114 Iowa 275, 86 N. W. 307, 54 L. R. A. 364, 89 Am. St. Rep. 359.

II. The foregoing pronouncements of this court are of interest here chiefly because they illustrate the judicial concern to guard well the statutory protection of the patient's rights against the disclosure of professional confidence guaranteed by the statute. Of course here the plaintiff, a patient of Dr. Heald, did assert his objection when the defendants called Dr. Heald as a witness, and the objection was sustained. The objection was made in the absence of the jury in the manner approved in Johnson v. Kinney, 232 Iowa 1016, 7 N. W. 2d 188, 144 A. L. R. 997; and the court did not permit Dr. Heald to testify. Defendants concede the trial court did not err in sustaining plaintiff's objections to Dr. Heald's testifying. The question is as to the propriety of the argument to the jury of defendants' counsel—said arguments containing comments upon plaintiff's failure to call Dr. Heald as a witness, and plaintiff's objection to the doctor testifying.

During the arguments to the jury, Mr. Updegraff, one of defendants' counsel, told the jury that Dr. Heald was not called as a witness in this case; that the jury did not have the benefit of his testimony; "that this jury—that counsel for the plaintiff as well as Mr. White—and myself know why he wasn't called." Plaintiff's counsel objected to the statements that

counsel on both sides knew why he (Dr. Heald) was not called as being improper argument and prejudicial. Before there was a ruling on the objection Mr. White, Mr. Updegraff's co-counsel, stated to the court in the presence of the jury: "It is the contention that counsel for the plaintiff could and did come in with their objections and kept the doctor from testifying." Counsel for plaintiff objected to the further statement of Mr. White as improper conduct and asked the court to admonish counsel to refrain from further reference to Dr. Heald. The court overruled the objections, expressing, in the presence of the jury, that the fact the doctor did not testify was a proper subject of comment but it would not be proper for counsel to give his views as to what the doctor would testify to.

Another incident occurred during the closing argument of Mr. White. In the course of his argument he turned to plaintiff's counsel and said: "Now, Mr. Beatty, I am going to refer to the failure of plaintiff to call Dr. Heald." He then recounted some of the cross-examination of plaintiff wherein he first stated he was in good health before the accident but admitted he had been to see several doctors, among them Dr. Heald, and denied he had been treated for a nervous trouble. Counsel then stated to the jury: "Who did he say his doctor in Sigourney was? Dr. Heald. Why didn't the plaintiff in this case call Dr. Heald as their witness?" Again proper objection was made by plaintiff's counsel and the objection was overruled.

III. There seems to be a conflict in the authorities as to whether the exercise of the privilege by one party is a legitimate subject of comment by opposing counsel. This is recognized by text writers generally. 53 Am. Jur., Trial, section 477; 116 A. L. R. 1171. The text writer in the above-cited A. L. R. annotation states:

"There are conflicting views as to whether it is proper for counsel to comment on the exercise by the opposing party of a privilege with respect to testimony or the calling of a witness. By what seems to be the better rule, it is held improper for counsel to make such comments."

But the real conflict is in the nature of the inference

that will be permitted from a party's failure to produce testimony of a privileged communication or objection to the admission of testimony of a witness as to privileged communications. If no unfavorable inference arises from such circumstance the comment to the jury is improper. If an unfavorable inference arises the comment is proper. The conflict as to the inference that will arise is recognized in the following statement in 31 C. J. S., Evidence, section 156, page 864:

"The more generally accepted view is that no unfavorable inference arises from a party's failure to produce, or refusal to consent to the admission of, testimony of a witness as to privileged communications between himself and such party; but there is also authority for the view that under such circumstances an unfavorable inference will arise or may be drawn by the jury."

Illustrative of the defendants' contention is the Massachusetts case they cite, Phillips v. Chase, 201 Mass. 444, 450, 87 N. E. 755, 758, 131 Am. St. Rep. 406. In this case the court held the rule of privilege (between client and attorney) should be "construed strictly" and if evidence was excluded on the ground of personal privilege of one party "his claim of the privilege may be referred to in argument and considered by the jury, *as indicating his opinion that the evidence, if received, would be prejudicial to him.*" (Italics supplied.)

IV. As previously pointed out, this court has held the statute should be liberally construed and we have also held no unfavorable inference arises from the fact that a party entitled to the privilege has failed to call a witness or refused to permit the testimony of a witness whose testimony would relate to privileged matters.

In Lauer v. Banning, 152 Iowa 99, 103, 131 N. W. 783, 785, the offered testimony of plaintiff's former lawyer was objected to by plaintiff on the ground of privilege, and the objection sustained. The court instructed the jury not to "indulge in any speculation or suppositions concerning what any witness or witnesses might have testified to had they been permitted to testify." In approving the instruction we said:

158

"This instruction was correct. If one must, upon penalty of having a presumption raised against him, introduce his lawyer or physician, the statutes prohibiting them from testifying are of no significance. Of course the ordinary rule is that if one does not produce testimony within his control, or prevents the use of such testimony, the presumption arises that such testimony, if produced, would be adverse to them. But this rule does not apply to privileged communications for reasons too obvious to mention."

In McConnell v. City of Osage, 80 Iowa 293, 303, 45 N. W. 550, 553, 8 L. R. A. 778, where we held it error to ask a patient on cross-examination if she was willing to waive her privilege and permit her doctors to testify, we said:

"The statute gives the prohibition. It is a legal right, and a party should no more be required to state under oath that he did not want to surrender it than any other legal right he possessed. We think a fair trial requires that such a matter should not even be referred to; that a jury should not be impressed with a belief that there is even reluctance to giving such assent."

The opinion goes on and speculates that the prejudice resulting from the privilege reference is that the jury "would naturally believe that, if assent had been given, testimony unfavorable to the plaintiff would have been the result."

In Johnson v. Kinney, 232 Iowa 1016, 1024, 7 N. W. 2d 188, 193, 144 A. L. R. 997, where appellants contended they had the right to call appellee's doctor and make appellee claim his privilege in the presence of the jury, we approved the court's action in permitting appellee to claim his privilege in the jury's absence, saying: "A party should not be prejudiced by claiming a right which the law gives him."

 Fidelity to our rule, which is unquestionably the majority rule, that no unfavorable inference arises when a patient exercises his statutory privilege by not calling his doctor or objects to the other party's introducing his doctor's testimony, demands our adherence to the corollary rule that opposing coun-

sel, in such circumstances, will not be allowed to comment on such failure to produce the doctor as a witness, or the patient's objections to his testimony. The only purpose of the comment is to lead the jury to infer that the doctor's testimony, if allowed, would be unfavorable to the patient—the very inference condemned in our opinions in the previously cited cases. As supporting our conclusion, see: 5 Jones on Evidence, Second Ed., section 2195, page 4187; Sumpter v. National Grocery Co., 194 Wash. 598, 602, 78 P. 2d 1087, 1089, 116 A. L. R. 1166; Ravenscroft v. Stull, 280 Ill. 406, 117 N. E. 602, Ann. Cas. 1918B 1130; Louisville & N. R. Co. v. Gregory, 284 Ky. 297, 144 S. W. 2d 519.

As said in Sumpter v. National Grocery Co., supra:

"To hold that the exercise of the statutory privilege gives rise to adverse inferences by the jury, would be to dissipate the protection which the statute provides; and to permit counsel to comment on the exercise of such privilege, would enable him to incite the jury to draw inferences adverse to the protection afforded by the statute."

V. The decisions of this court in criminal cases holding the prosecuting attorney may comment on the defendant's exercise of his privilege not to testify are not support for defendants' contention here. Such comment by the prosecuting attorney has been allowed since the repeal of section 13891, Code, 1927. State v. Ferguson, 226 Iowa 361, 283 N. W. 917. But the above statute specifically provided that a defendant's election not to testify should not have any weight against him and if the prosecuting attorney referred to the fact that he did not testify it would be a misdemeanor and reversible error. In the Ferguson case Justice Miller traced the history of the statute, and the opinion in effect holds the repealing of the statute was an expression of legislative intent that in the future, comment, that was prohibited by the statute, would be permitted.

VI. Defendants seek to vindicate the trial court's ruling by an argument that counsel's comments were confined to plaintiff's failure to call Dr. Heald and they did not comment on plaintiff's objections to Dr. Heald's testimony. That is not

160

the record but even if it were it would avail them nothing. The challenge to the patient's exercise of his privilege is just about as effective if the comment was that he failed to call his doctor, as it would be if the comment was that he objected to the doctor's testifying. In any event, the record here shows, by the remarks of Mr. White made in connection with his co-counsel's argument, that "plaintiff * * * did come in with objections and kept the doctor from testifying."

VII. Little need be said in answer to defendants' argument that no prejudice resulted. As we said in McConnell v. City of Osage, supra, at page 303 of 80 Iowa, page 553 of 45 N. W.: "We need not speculate as to the probable consequences. It was clearly error."

Plaintiff asserts other errors, mainly based on the misconduct of the jury. The record shows certain jurors visited the scene of the accident and communicated their observations to other jurors. We need not pass upon this ground, for, in a retrial the error, if any, of jurors becoming witnesses in the jury room will probably not be repeated.

For the reasons stated the cause is reversed.—Reversed.

All Justices concur.