**ROOSEVELT HOTEL LIMITED PARTNERSHIP, Plaintiff,**

v.

David SWEENEY and Michael McNamara, d/b/a R Place; Douglas M. Ihde, d/b/a Werni's Tap; Joseph Hartwig, Karen P. Ackmann, and Wade A. Usher, Defendants.

Kimberly H. BROWNING, Matthew L. Browning, and Samuel L. Browning, A Minor Child by his Mother, Kimberly H. Browning, Appellees,

v.

David SWEENEY and Michael McNamara, d/b/a R Place Lounge; Douglas M. Ihde; d/b/a Werni's Tap, Defendants,

Joseph Hartwig, Karen P. Ackmann, and Wade A. Usher, Appellants.

No. 85–1597.

Supreme Court of Iowa.

Oct. 15, 1986.

Rehearing Denied Nov. 13, 1986.

John M. Bickel and Diane Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellant Karen P. Ackmann.

James M. Powers of Hines, Pence, Jackson, Day & Powers, Cedar Rapids, for appellant Joseph Hartwig.

Thomas Read of Crawford, Sullivan, Read & Roemerman, Cedar Rapids, for appellant Wade A. Usher.

Lloyd E. Humphreys of Humphreys & Associates Law Firm, P.C., Cedar Rapids, for appellees.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, WOLLE and NEUMAN, JJ.

SCHULTZ, Justice.

The issue in this case is whether a defendant in a personal injury action may, through a court order, force the plaintiff to execute a patient's waiver authorizing defendant's counsel to communicate privately with and obtain medical information relevant to plaintiff's personal injury action from various health care providers. The plaintiff concedes that by bringing the action for her injuries she has waived her statutory physician-patient privilege as it relates to the condition alleged. She maintains, however, that her action for injuries does not waive the confidential nature of her earlier medical history and that she has a right to be present to protect this interest and should not be compelled to waive this right. The trial court denied a motion to compel the plaintiff to execute such a waiver. We granted movant's application for interlocutory appeal. We affirm.

The pleadings reveal that two court actions were filed by separate plaintiffs against the same defendants, alleging a cause of action that arose from the same automobile accident. The district court consolidated these cases; however, the present appeal involves only one case. The only allegation of fact germane to this appeal is plaintiff Kimberly H. Browning's claim of injury caused by the accident. We shall refer to the defendants in Browning's suit as the defendant.

After the institution of the action, defendant moved the court for an order requiring Kimberly H. Browning to execute a written waiver permitting counsel for the defendant to communicate ex parte with the individuals who have, are, or will provide medical services and attention to the plaintiff. Defendant requested the execution of a patient's waiver directed "to any doctor or hospital or practioner of the healing art" waiving "all rights of confidentiality of every nature which I may have with respect to any medical information which you may possess which is in any manner relevant to my claim for personal injuries which I suffered on or about December 28, 1984," as well as "the patient/physician ... privilege which may exist." The waiver further gave notification that "no privilege exists and none is claimed with respect to disclosure to" one of the law firms representing defendant.

The trial court denied defendant's motion for discovery seeking court-ordered execution of the tendered waiver. The court concluded that the confidential nature of the physician-patient relationship was not waived by the suit, and that the waiver of the testimonial privilege provided in Iowa Code section 622.10 is applicable to formal discovery and testimony rather than to private interviews.

Initially, we examine the effect of the waiver when executed. It is a notice to the health practitioner that the patient is relinquishing certain rights, and it suggests that disclosure may be made to defendant's lawyers of any information or opinions, as well as any tangible documents or test results, which are in any manner relevant to the accident in question. We agree with defendant that the waiver does not require the health practitioner to voluntarily cooperate with defendant's attorney. The waiver speaks to two matters: "all rights of confidentiality of every nature," and privilege.

We assume that by "rights of confidentiality" the waiver refers to the medical profession's self-imposed standard of conduct, originating in the Hippocratic oath, that a physician not disclose a patient's confidences without the patient's consent, except as authorized or required by law. Certain jurisdictions recognize a cause of action for a breach of this duty of confidentiality. *Geisberger v. Willuhn*, 72 Ill. App.3d 435, 437, 28 Ill.Dec. 586, 946, 390 N.E.2d 945, 946 (1979); *Anker v. Brodnitz*, 98 Misc.2d 148, 152–53, 413 N.Y.S.2d 582, 585 (Sup.Ct.1979); *Humphers v. First Interstate Bank*, 298 Or. 706, 721, 696 P.2d 527, 535 (1985). The issues here, however, concern enforced waiver of confidentiality rather than breach of confidentiality.

By the "patient/physician ... privilege which may exist," we believe defendant refers to our evidentiary rule regarding privileged communications which, if utilized, renders certain testimony inadmissible. Iowa Code § 622.10 (1985). There is no common law testimonial privilege in Iowa. *State v. Bedel*, 193 N.W.2d 121, 123–24 (Iowa 1971). The privilege provided by section 622.10 is limited.

A ... physician ... shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity.... The prohibition does not apply to cases where the person in whose favor the prohibition is made waives the rights conferred; nor does the prohibition apply to physicians ... in a civil action in which the condition of the person in whose favor the prohibition is made is an element or factor of the claim.... The evidence is admissible upon trial of the action only as it relates to the condition alleged. If an adverse party desires the oral deposition, either discovery or evidentiary, of a physician ... to which the prohibition would otherwise apply ... the adverse party shall file an application with the court for permission to do so.

▌ The physician-patient rule provided in section 622.10 is an evidentiary rule rather than a substantive right. *State ex rel. Leas in the Interest of O'Neal*, 303 N.W.2d 414, 419 (Iowa 1981). This section is given liberal construction, in accordance with its purpose to make consultation between a patient and physician entirely confidential and free from disclosure in a legal proceeding. *Howard v. Porter*, 240 Iowa 153, 155, 35 N.W.2d 837, 838 (1949). Section 622.10 applies only to the testimonial use of privileged information, however, because it comes into play "in giving testimony." Testimony is a declaration by a witness in court or during a deposition. *In re Burcham's Estate*, 211 Iowa 1395, 1399, 235 N.W. 764, 766 (1931). Testimony requires the administration of an oath or affirmation. Section 622.10 does not speak to the issue of private communications in a nontestimonial setting. Consequently, we agree with defendant's argument that section 622.10 permits, or at least does not prohibit, private conversation between defendant's counsel and the physician.

▌ Likewise, we believe that the section's provision for waiver has no application to a nontestimonial situation. The provision for waiver in section 622.10 refers specifically to the "prohibition" in that section, and makes no reference to nontestimonial private interviews. The prohibition is limited to situations "in giving testimony." Iowa Code § 622.10. To construe this section to imply that the waiver provided for in the section also applies to private interviews would violate a basic principle of

statutory construction. When a statute is unambiguous and its meaning clear, we need not search for meaning beyond its express language. *Phillips v. Iowa District Court,* 380 N.W.2d 706, 710 (Iowa 1986). Thus, we cannot accept defendant's contention that the plaintiff's suit totally waives the confidential nature of the physician-patient relationship. It only waives the application of the privilege, which is confined by the statute to a testimonial setting, and does not speak to ex parte communications in a nontestimonial setting.

Defendant complains that, as a practical matter, a physician will not talk to defendant privately without such a patient waiver. This is quite understandable, as the physician would be acting at his or her own peril, as we discussed earlier. Defendant urges the court to force the execution of the patient waiver because such interviews are consistent with our discovery rules and further the policy of such rules.

■ Defendant correctly states our policy of encouraging the parties to agree on informal discovery. We have often stated that our discovery rules should be liberally construed to effectuate disclosure of all relevant and material information to the parties. *Mason v. Robinson,* 340 N.W.2d 236, 241 (Iowa 1983). We have also recognized the principle that the public has a right to every man's evidence. *Winegard v. Oxberger,* 258 N.W.2d 847, 850 (Iowa 1977). Defendant cites no rules of discovery that expressly provide for execution of the waiver that defendant espouses, nor do we find any rule that even hints of this possibility. Our rule speaks only to depositions, interrogatories, production of documents, inspection, physical and mental examination, and requests for admissions. Iowa R. Civ. P. 121. The addition of a new discovery method, the court enforced waiver of privilege leading to ex parte informal interviews with physicians, should be accomplished by a change in the Rules of Civil Procedure, rather than by judicial fiat. We are not free to redraft our discovery rules to add a new method, under the guise of liberal construction of existing rules.

Defendant finally urges, and we agree, that other jurisdictions addressing this issue have approved court imposed execution of waivers. *Doe v. Eli Lilly & Co.,* 99 F.R.D. 126, 129 (D.D.C.1983); *Green v. Bloodsworth,* 501 A.2d 1257, 1259 (Del.Super.1985); *State ex rel. Stufflebam v. Appelquist,* 694 S.W.2d 882, 888 (Mo.App. 1985); *Stempler v. Speidell,* 100 N.J. 368, 382, 495 A.2d 857, 864 (1985). In these cases, the basic reasoning followed that given in *Stufflebam:* (1) private interviews would be less costly; (2) lawyers and physicians with their ethical standards could conduct the interviews within the bounds of legitimate discovery; and (3) defendant's lawyer should be protected from plaintiff's presence because the defendant's attorney work product might be invaded and plaintiff might become privy to matters bearing on trial strategy. 694 S.W.2d at 888. An additional reason advanced by the Delaware court in *Green* was that an enforced waiver was consistent with what the court judicially noted to be the practice of plaintiffs' counsel of routinely providing medical releases. 501 A.2d at 1260. The New Jersey court in *Stempler* approved ex parte interviews, but provided for a more complicated procedure by requiring plaintiff to provide a written authorization to facilitate the ex parte interviews, subject to the conditions that defendant provide notice to plaintiff of the time and place of the interview, a description to the doctor of the scope of interview, and further notification to the physician "with unmistakable clarity" that participation in the interviews was voluntary on his part. 100 N.J. at 382, 495 A.2d at 864. The court in *Stempler* indicated these rules were intended to allow plaintiff's counsel to express concern about the scope of the interview to the physician and also to allow time for plaintiff's counsel to obtain protective orders. *Id.*

Other jurisdictions that have addressed this issue have refused to compel the execution of waivers and ex parte interviews. In *Jaap v. District Court,* 623 P.2d 1389 (Mont.1981), the Montana court held that,

although the plaintiff waived the physician-patient privilege by bringing a personal injury suit, the court did not have the power under the rules of discovery "to order private interviews between counsel for one party and possible adversary witnesses." *Id.* at 1391. The court reasoned that (1) sanctions (such as compelling discovery) and protections provided for in the discovery rules covered only methods of discovery listed in the rules; (2) a private interview was not a method listed in the rules; (3) thus, the court did not have the power to enforce discovery by this method, and could not compel the plaintiff to submit to this type of discovery. *Id.* at 1391–92.

The Minnesota court has also rejected the notion that a plaintiff may be compelled to provide defendant with a written waiver authorizing private interviews with plaintiff's physicians. In *Wenninger v. Muesing*, 240 N.W.2d 333 (Minn.1976), the court held that the procedures set forth in the discovery rules were the sole means by which a defendant could obtain the information as to which the plaintiff had waived his privilege by bringing suit, unless the plaintiff voluntarily agreed to private interviews of his physicians by the defendant. They concluded that this outcome was also desirable from a policy standpoint, because it not only allowed the defendant access to the information, but also protected both the plaintiff and the physician from the danger of disclosure of confidential information that was neither relevant to the plaintiff's lawsuit, nor would lead to discovery of admissible evidence. *Id.* at 337.

The New York court, in *Anker v. Brodnitz*, 98 Misc.2d 148, 413 N.Y.S.2d 582 (Sup.Ct.1979), adopted the same views and said:

> [T]o permit private interviews upon the service of a complaint would subject physicians to improper pressures to disclose.
>
> .    .    .    .    .
>
> Even if no improper pressures were brought to bear on a physician, it would, nevertheless, often be difficult for the defense to determine on its own if and to what extent the physician-patient privilege was waived. Parties may be in substantial disagreement over the kinds of injuries put in issue by the pleadings. . . . Whether a physical or mental condition is in controversy often requires careful judicial scrutiny and not a mere cursory reading of the complaint.

*Id.* at 153, 413 N.Y.S.2d at 585.

■ We agree with those jurisdictions that have refused to order the execution of waivers and ex parte interviews. As we indicated above, our discovery rules do not provide for such a procedure. As a matter of policy, we do not believe it would be wise to rely on inherent powers of the court to control the pretrial discovery procedures in a lawsuit and to enter such an order when it may elicit disclosure of confidential information unrelated to the injury in dispute. We believe there must be some control over procedural interviews of physicians in cases such as this; however, procedures like those adopted by the New Jersey court would defeat the purposes of ex parte interviews, *i.e.*, saving time and litigation cost.

The possibility of inadvertent wrongful disclosure of confidential matters troubles us. We do not mean to question the integrity of doctors and lawyers or to suggest that we must control discovery in order to assure their ethical conduct. We are concerned, however, with the difficulty of determining whether a particular piece of information is relevant to the claim being litigated. Placing the burden of determining relevancy on an attorney, who does not know the nature of the confidential disclosure about to be elicited, is risky. Asking the physician, untrained in the law, to assume this burden is a greater gamble and is unfair to the physician. We believe this determination is better made in a setting in which counsel for each party is present and the court is available to settle disputes. Furthermore, we see the forced consent to private interviews with plaintiffs' health care providers as inconsistent with our discovery rules generally. Deposition testimony is obtained when opposing counsel are present and participate, and the testi-

mony is recorded and preserved. *See* Iowa R. Civ. P. 140. Arguments based on invasion of attorney work product and trial strategy are unpersuasive and somewhat out of tune with our modern discovery process.

Finally, we cannot judicially note, as did the Delaware court, that most Iowa plaintiffs' counsel provide defendant unlimited patient waivers and access to the treating doctors. We are not convinced that this is in fact common practice in Iowa.

In summary, we hold that the trial court correctly refused defendants' application. By this ruling, we do not intend to discourage counsel and the parties from cooperating with one another in matters of discovery and trial preparation. The parties should strive to cooperate to achieve early disposition of controversies without heavy reliance upon the court system.

AFFIRMED.