# IN THE COURT OF APPEALS OF IOWA

No. 22-2035
Filed July 26, 2023

**C.S., on behalf of H.S., a child,**
    Petitioner-Appellee,

**vs.**

**J.C.,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Melissa Anderson-Seeber, Judge.

J.C. appeals the imposition of a protective order for relief from sexual abuse entered under Iowa Code chapter 236A (2022). **AFFIRMED.**

Nina Forcier of Forcier Law Office, P.L.L.C., Waterloo, for appellant.

Edward M. Conrad of Iowa Legal Aid, Ottumwa, and Kelsey Deabler of Iowa Legal Aid, Council Bluffs, for appellee.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

J.C. appeals the imposition of a protective order for relief from sexual abuse entered under Iowa Code chapter 236A (2022). He challenges the ruling limiting the testimony of the child's therapist and the finding that he committed sexual abuse against H.S. Because the district court properly exercised its discretion in limiting the therapist's testimony and a preponderance of the evidence shows sexual abuse occurred, we affirm.

**I. Background Facts and Proceedings.**

J.C. and C.S. are the parents of nine-year-old H.S. A custody order entered in March 2019 granted C.S. physical care of H.S. with J.C. receiving visitation. But the parents' relationship is contentious, which has led to further legal action and the involvement of the department of health and human services. For example, C.S. admitted willfully withholding visitation from J.C. and spent four days in jail instead of providing makeup visits to purge the contempt finding.

In September 2021, C.S. petitioned for relief from sexual abuse by J.C. on behalf of H.S. She claimed that J.C. sexually abused H.S. during a camping trip earlier that month. According to the petition, H.S. attempted to stop J.C. from massaging her butt when he "grabbed her inner thigh and grabbed her vagina."

This was not the first time C.S. claimed J.C. abused H.S. After the district court modified custody in November 2020 to grant J.C. physical care, C.S. claimed J.C. physically and sexually abused H.S. But during an investigation by the department of health and human services, H.S. said C.S. told her to lie about the abuse. In child abuse assessments completed in April and May 2021, the department determined those allegations were not founded.

Unlike the previous allegations, the department determined the September 2022 abuse allegation was founded. H.S. told a child protection worker that J.C. massaged her butt and tried to touch her near her vagina. Ten days later, she told another worker that J.C. grabbed her inner thigh near her vagina. During both interviews, H.S. claimed J.C. told her not to tell anyone. The supervisor of the investigation was familiar with the family's dynamics; she performed one of the child abuse assessments in 2021 that determined the allegations were not founded.

The district court held a hearing on C.S.'s petition in December 2022. In an order filed four days later, the court found a preponderance of the evidence showed that J.C. committed sexual abuse and granted a final protective order. J.C. appeals.

**II. Scope of Review.**

Proceedings under chapter 236A "shall be held in accordance with the rules of civil procedure." Iowa Code § 236A.9. Because the court ruled on objections, the action was tried at law. *See Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 417 (Iowa 1997). Our review is for correction of errors at law. *See* Iowa R. App. P. 6.907.

**III. Evidentiary Rulings.**

J.C. contends the district court abused its discretion in limiting the testimony of the child's therapist. Because the court's evidentiary rulings impact what we can consider in determining the sufficiency of the evidence, we begin there.

We review the district court's evidentiary rulings for an abuse of discretion. *Stender v. Blessum*, 897 N.W.2d 491, 501 (Iowa 2017). An abuse of discretion

occurs when the district court bases its decision on untenable grounds or to an extent that is clearly unreasonable. *Id.* We also find an abuse of discretion when the district court bases its conclusion on an erroneous application of the law. *Id.*

In September 2022, the therapist provided J.C. with her notes about H.S.'s treatment and a letter listing H.S.'s diagnosis and therapy goals. J.C. introduced the documents into evidence at the hearing as Exhibit F and subpoenaed the therapist to testify. The therapist moved to limit her testimony under Iowa Code section 622.10, which prevents mental-health professionals from testifying about confidential communications entrusted to them in their professional capacity. The district court granted the motion, limiting the therapist's testimony to providing a foundation for Exhibit F. J.C. challenges that ruling.

J.C. first argues that section 622.10 does not apply because the right was waived when he obtained the documents in Exhibit F. *See, e.g.*, *Miller v. Cont'l Ins. Co.*, 392 N.W.2d 500, 504–05 (Iowa 1986) ("[V]oluntary disclosure of the content of a privileged communication constitutes waiver as to all other communications on the same subject."). But the protections of section 622.10 can only be waived by "the person in whose favor the prohibition is made." Iowa Code § 622.10(2). H.S. did not waive confidentiality based on the therapist's disclosure. *Cf. State v. Randle*, 484 N.W.2d 220, 222 (Iowa Ct. App. 1992) ("The State also asserts Dr. Warner's conduct in disclosing the test results did not waive the privilege because only the patient can waive the privilege. We agree only the patient can waive the privilege."), *cited with approval in State v. Stratton*, 519 N.W.2d 403, 405 (Iowa 1994). Although J.C. can consent to disclosure of otherwise privileged information as "a legal representative" of H.S. under Iowa

Code section 228.3(1), that section requires a signed written voluntary authorization. There is no such authorization in the record. Moreover, J.C.'s rights as a legal custodian are not absolute. *See* Iowa Code § 598.41(1)(e) (providing that "both parents shall have legal access to information concerning the child, including . . . medical . . . records"); *Harder v. Anderson, Arnold, Dickey, Jensen, Gullickson & Sanger, L.L.P.*, 764 N.W.2d 534, 538 (Iowa 2009) (stating that "the rights given to parents under section 598.41(1)(e) are tempered by the overriding principle that when dealing with a matter concerning a child whose custody was determined by a court decree . . . , the first and governing consideration a court must apply is the best interest of the child"). C.S., who shares legal custody of H.S., objected to the provider testifying about H.S.'s confidential communications. So even if J.C. signed a written voluntary authorization to consent to the disclosure of confidential information, the court acted within its discretion by limiting the provider's testimony to protect H.S.'s longstanding and ongoing relationship with the mental-health provider as doing so would be in H.S.'s best interests. *See id.* (noting that the court must step in as an arbiter to decide what is in the child's best interests when joint legal custodians cannot agree).

J.C. also argues the privilege does not apply because "the condition of the person in whose favor the prohibition is made is an element or factor of the claim or defense of the person" in this action. Iowa Code § 622.10(2). Citing *State v. Leedom*, 938 N.W.2d 177 (Iowa 2020), J.C. claims that whether H.S. told her therapist about the sexual abuse is relevant to H.S.'s credibility. As here, *Leedom* involved accusations of sexual abuse when there was no "corroborating physical evidence of sexual abuse, and [the] case hinged on [the child]'s credibility." 938

N.W.2d at 187. And, like H.S., the accuser "admittedly lied" about her abuser in the past. *Id.* But *Leedom* is a criminal rather than a civil case, and thus, the analysis for disclosure of confidential information under section 622.10 differs. *See* Iowa Code § 622.10(4) (setting out the requirements for disclosure of any privileged records to a defendant in a criminal action). H.S.'s credibility is not an element or factor of the claim. *See Howard v. Porter*, 35 N.W.2d 837, 838 (Iowa 1949) ("[P]rivileged matter cannot be introduced by the adverse party to prove the patient's testimony untrue."). Holding otherwise would allow privileged information to be introduced in every civil case, which "would severely undermine the purpose of the statutory privilege." *Chung v. Legacy Corp.*, 548 N.W.2d 147, 150 (Iowa 1996). Accordingly, the district court did not abuse its discretion in limiting the therapist's testimony.

### IV. Sufficiency of the Evidence.

We turn then to the sufficiency of the evidence showing J.C. committed an act of sexual abuse against H.S. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the district court's findings. *See Grinnell Mut. Reins. Co. v. Jungling*, 654 N.W.2d 530, 535 (Iowa 2002). We are bound by the district court's factual findings if they are supported by substantial evidence. *Id.* Evidence is substantial if reasonable minds would find it adequate to reach the same finding. *See Zaw v. Birusingh*, 974 N.W.2d 140, 160 (Iowa Ct. App. 2021). We do not substitute our own findings for those of the district court simply because the evidence supports different inferences. *See Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 257 (Iowa 2009). The question is not whether the evidence would

support a different finding but whether it supports the finding made by the court. *See id.*

The court can issue a protective order under chapter 236A only if it finds sexual abuse has occurred. *See* Iowa Code § 236A.3(2) ("If the factual basis for the alleged sexual abuse is contested, the court shall issue a protective order based upon a finding of sexual abuse . . . ."). Sexual abuse occurs when a person commits a sex act "by force or against the will of the other" or when "[s]uch other person is a child." *Id.* § 709.1(1), (3) (defining sexual abuse); *see also id.* § 236A.2(5) (stating, in part, that the commission of any crime defined in chapter 709 is sexual abuse under chapter 236A).

The district court recounted the evidence, noting H.S.'s past dishonesty in accusing J.C. of abuse. Under the circumstances, it was "understandable" that the State did not intend to pursue criminal charges against J.C. But the court also noted that the burden in a criminal case is much higher, while C.S. was required to show sexual abuse occurred by a preponderance of the evidence. *See* Iowa Code § 236A.3(2). "A preponderance of the evidence is the evidence 'that is more convincing than opposing evidence' or 'more likely true than not true.'" *In re K.D.*, 975 N.W.2d 310, 320 (Iowa 2022) (citation omitted).

Although the court expressed its misgivings, it ultimately found it was more likely than not that J.C. committed sexual abuse. What tipped the scale in favor of issuing the protective order was the founded child abuse assessment:

> When examining the evidence in this case and using the preponderance of the evidence standard, the Court returns to the founded DHHS assessment. The investigators were well aware of the dynamics of this family and the prior allegations where H.S. told the CPC interviewer she lied. While it was a factor in their

investigation, they found the child to be consistent in her reporting, as does this Court. Therefore, the Court finds there is still a preponderance of the evidence that the [J.C.] committed sexual abuse on H.S.

A different result may have been reached if the evidence was analyzed under a beyond-a-reasonable-doubt or clear-and-convincing-evidence standard. But viewing the evidence in the light most favorable to the district court's finding, reasonable minds could conclude that the abuse probably occurred. *See Walthart v. Bd. of Dirs. of Edgewood-Colesburg Cmty. Sch. Dist.*, 694 N.W.2d 740, 744 (Iowa 2005) ("The evidence may preponderate, and yet leave the mind in doubt as to the very truth. In such cases the evidence does not fairly set the question at rest, but merely preponderates in favor of that side whereon the doubts have less weight." (citation omitted)).

We have considered J.C.'s remaining claims and found them to be without merit. Because substantial evidence supports the district court's finding that it is more likely than not J.C. committed an act of sexual abuse against H.S., we affirm.

**AFFIRMED.**