No. 80-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

———————————

JULIE JAAP,

               Relator,

vs.

THE DISTRICT COURT OF THE
EIGHTH JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN
AND FOR THE COUNTY OF CASCADE et al.,

               Respondent.

———————————

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relator:

        Hoyt and Trieweiler, Whitefish, Montana
        Terry Trieweiler argued, Whitefish, Montana

    For Respondent:

        Smith, Baillie and Walsh, Great Falls, Montana
        Marvin Smith argued, Great Falls, Montana
        *William Baillie*

———————————

               Submitted: January 19, 1981

                  Decided: FEB 24 1981

Filed: FEB 24 1981

*Thomas J. Kearney*
—————————————————————
           Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Julie Jaap applies to this Court for a writ of supervisory control directed to the District Court, Eighth Judicial District, Cascade County, Montana, for the purpose of reversing a discovery order entered by the District Court on October 15, 1980. We accept jurisdiction of the application, and after receipt of briefs and oral argument, we find merit in the application and order supervisory control.

Julie Jaap has brought suit in the Cascade County District Court against defendant William Reeves, seeking damages alleged to have /arisen out of an automobile accident. She claims personal injuries to her neck, lower back and lower extremities, and damages for medical expenses incurred, including examinations and treatments by eight physicians and physical therapists.

Counsel for Reeves moved the District Court to permit defense counsel to hold private conferences with all of the medical persons who have examined Julie Jaap with regard to her alleged injuries. After considering argument from both parties on the motion, the District Court entered the following order:

> "NOW, THEREFORE, IT IS HEREBY ORDERED
> that the [relator] on February 6, 1980,
> upon filing her complaint seeking damages
> for personal injuries resulting from an
> automobile accident occurring on March 15,
> 1979, has waived thereby the physician-patient
> privilege between the [relator] and any
> physician treating the [relator] for injuries
> resulting from said accident. That upon a
> waiver of the physician-patient privilege,
> all physicians treating the [relator] for
> the injuries alleged by the [relator] to have
> resulted from said accident are thereafter to
> be considered as any other witness who
> might have knowledge or information which
> might be relevant to above captioned matter."

On its face, the District Court order is inoffensive. However, all parties acknowledge that the intent of the District Court was to permit private interviews between

-2-

defense counsel and Julie Jaap's physicians and therapists. This is confirmed by the order of the District Court which stayed the discovery order pending application for supervisory control to this Court. The District Court order provided:

> "IT IS ORDERED that the implementation of the court's order . . . permitting the defendant to interview the [relator's] physicians outside the presence of the [relator's] attorney be stayed . . . pending [relator's] efforts to petition [for a writ of supervisory control] . . ." (Material in brackets supplied.)

Rule 35, M.R.Civ.P., relating to the physical and mental examination of persons, is different from its federal counterpart (Rule 35, Fed.R.Civ.P.) in that in Montana, Rule 35(b)(2), was amended in 1972 to read as follows:

> "Waiver of privilege. Either by (1) requesting and obtaining a report of the examination ordered as provided herein, or by taking the deposition of the examiner, or by (2) commencing an action or asserting a defense which places in issue the mental or physical condition of a party to the action, the party examined or the party to the action waives any privilege he may have in that action or any other action involving the same controversy, regarding the testimony of every person who has treated, prescribed, consulted, or examined or may thereafter treat, consult, prescribe or examine, such party in respect to the same mental or physical condition; but such waiver shall not apply to any treatment, consultation, prescription or examination for any mental or physical condition not related to the pending action. Upon motion seasonally made, and upon notice and for good cause shown, the court in which the action is pending, may make an order prohibiting the introduction in evidence of any such portion of the medical record of any person as may not be relevant to the issues in the pending action."

There is no question but that under Rule 35(b)(2), M.R.Civ.P., as the same is promulgated in Montana, Julie Jaap, by commencing an action for damages for her personal injuries which placed in issue the mental and physical condition arising from the accident, waived any physician-patient privilege as to her mental or physical condition in

-3-

controversy. Accepting as a premise that the physician-patient privilege has been waived, may the District Court, by way of discovery, order that defense counsel may engage in informal, private interviews with the physicians treating Julie Jaap for her alleged injuries?

Put another way, granting that plaintiff has waived any physician-patient privilege relating to her mental and physical condition in controversy, what limits, if any, circumscribe the power of the District Court in authorizing and enforcing discovery under the Montana Rules of Civil Procedure?

Although we agree with that portion of the District Court order which stated that once the physician-patient privilege has been waived, the physician is to be considered as any other witness, we conclude that the District Court does not have power, under the rules of discovery, to order private interviews between counsel for one party and possible adversary witnesses, expert or not, on the other. We derive this conclusion from an examination of the Rules of Civil Procedure relating to discovery.

The methods by which discovery may be obtained, under the Montana Rules of Civil Procedure, are set out in Rule 26(a). That subsection provides:

> "Discovery methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise under subdivision (c) of this rule, the frequency of use of these methods is not limited."

-4-

Obviously a private interview of an adversary witness is not one of the "methods" of discovery for which the Rules of Civil Procedure provide.

The remainder of the Montana Rules of Civil Procedure relating to discovery (Rules 26-37, inclusive) are obviously designed to enhance and enforce the "methods" of discovery outlined in Rule 26(a). Especially important in the Rules are the protective provisions which in effect provide for a record upon which a District Court may issue protective orders, provide for mental and physical examinations of plaintiffs claiming injuries, and establish sanctions, if discovery is refused or hampered, or if a discoverer goes too far in the proposed discovery. See Rule 26(c), Rule 30(d), Rule 30(g), Rule 33(b), and Rule 37, M.R.Civ.P.

The special utility of Rule 37, where a litigant is following one of the methods of discovery outlined in Rule 26(a), is especially to be noted. If, for example, an examining physician refuses to answer a question on the ground of privilege raised by a party, application may be made to the court for an order compelling answers. Under Rule 37(a)(4), if the motion is granted, the court has the power to require the deponent or the attorney responsible to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney fees. On the other hand, if the motion is denied, the court has the same power to require the moving party or the attorney advising the motion or both of them to pay the other party the reasonable expenses incurred and attorney fees. Professor Moore points out:

> "The effect of this language in most cases should be that the examining party and his attorney will respect objections of privilege which have a substantial justification and that the

> deponent and his attorney will not inter-
> pose objections of privilege which do not
> have a substantial justification."  4 Moore's
> Federal Practice at 26-250, § 26.60[5],
> _Privileged_ _Matter_.

It is obvious, that if a method of discovery such as a private interview is ordered by the court, the sanctions and protections which are available under the Montana Rules of Civil Procedure for ordinary methods of discovery become unavailable for private interviews.

We conclude therefore, that a District Court, in allowing and enforcing discovery in litigation before it, must relate the discovery to one of the methods provided in Rule 26(a), M.R.Civ.P.  Any attempt to enforce a method of discovery not provided by the Montana Rules of Civil Procedure is outside the power of the District Court.  We hold that the Court is without power to order a private interview.  To do so would defeat open disclosure, a prime objective of the Rules of Discovery.

This is not to say that we disapprove of the practice of agreements between counsel for interviews or other discovery to save time and expense.  In fact, we encourage such agreements.  In this case, plaintiff's counsel offered to allow defense interviews of the plaintiff's physicians, on condition that the plaintiff be present when the interviews occurred.  Counsel for the defendant disdained this offer, relying on the District Court's order for private interviews. Rule 35(b)(3),, M.R.Civ.P., contemplates examinations made by the agreement of the parties but obviously, when the Rule provides for an "agreement", it means a procedure to which both parties consent.  If the parties cannot agree on a method of discovery, then resort to the District Court for orders compelling discovery must relate to the methods of

-6-

discovery provided in Rule 26(a) for which protections and sanctions are set out.

We choose not to follow the rule established in Alaska which has a similar provision to our Rule 35. Arctic Motor Freight, Inc. v. Stover (Alaska 1977), 571 P.2d 1006; Trans-World Investments v. Drobny (Alaska 1976), 554 P.2d 1148. Moreover, anything contained in Callahan v. Burton (1971), 157 Mont. 513, 487 P.2d 515, in conflict with what is said herein is specifically overruled.

The application for writ of supervisory control is granted. The order of the District Court, to the extent that it permits private interviews of relator's physicians is vacated. A copy of this opinion shall serve the office of a formal writ of supervisory control and service by the Clerk of this Court by mail upon court and counsel shall constitute sufficient service thereof.

_____
                        Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

-7-