**INVESTORS MORTGAGE INSURANCE COMPANY, an Illinois corporation, Plaintiff,**

v.

**Dick DYKEMA, Gertrude Dykema, Rodney Nielsen, and Darlene Nielsen, Defendants.**

**Civ. No. 84–1224–FR.**

United States District Court,
D. Oregon.

Nov. 21, 1984.

Barnes H. Ellis, Stephen L. Griffith, Susan K. Eggum, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for plaintiff.

Henry Kantor, Delo, Kantor & Stamm, Portland, Or., for defendants.

## OPINION AND ORDER

FRYE, Judge:

Investors Mortgage Insurance Company (Investors) is a defendant in an action pending before this court entitled *First Federal Savings & Loan Association of Coffeyville, Kansas v. Investors Mortgage Insurance Company, et al.*, Civil No. 83–1659. In that case, First Federal Savings & Loan Association of Coffeyville, Kansas (First Federal) claims that Investors is obligated to insure a package of 13 mortgages which were assigned to First Federal by the codefendant and original lender, Maduff Mortgage Corporation (Maduff). Investors denies that it agreed to insure the mortgages and has cross-claimed against Maduff for negligence and fraud. Investors alleges that Maduff negligently failed to ascertain, recklessly disregarded, or knew of inaccuracies and falsehoods contained in each loan application submitted in connection with each mortgage that Investors allegedly agreed to insure. Investors contends that Marilyn Huget, acting on behalf of Maduff, highly inflated appraisal values of several properties belonging to borrowers who obtained mortgages from Maduff. Investors alleges that two of those allegedly inflated appraisals were appraisals of personal residences belonging to Gertrude and Dick Dykema (Dykemas) and Darlene and Rodney Nielsen (Nielsens), and that Investors requested permission from counsel for the Dykemas and the Nielsens to perform an appraisal to determine the fair market value of their personal residences. Investors alleges that the Dykemas and Nielsens refused to grant permission to perform such an appraisal unless and until Inves-

tors agreed to release them from any and all liability in connection with the pending proceedings. Investors declined such a release and filed the present action.

The matter now before the court is an action filed by Investors called an "Equitable Bill of Discovery" against the Dykemas and Nielsens, requesting the court to enter a judgment allowing Investors to enter upon the land of the Dykemas and the Nielsens for the purpose of performing an appraisal on such a day and at such a time as the court may order. In the matter before the court, Investors has moved the court to compel defendants to show cause why Investors should not be allowed to discover evidence allegedly essential to its defense against the claims of First Federal and to its cross-claim against Maduff in Civil No. 83–1659.

Defendants oppose the discovery and move the court for an injunction against such an appraisal by Investors on the grounds that: (1) the court lacks subject matter jurisdiction to hear this action; (2) Investors fails to state a valid claim for relief under either federal statutory law or the Federal Rules of Civil Procedure; and (3) allowing an appraisal would invade defendants' federal constitutional right to privacy.

### SUBJECT MATTER JURISDICTION AND CAUSE OF ACTION

■ Investors' equitable action against these defendants seeks an order of the court requiring non-parties to the main action, Civil No. 83–1659, to permit entry upon their land for the purpose of performing an appraisal which will be evidence in the main action. Investors concedes that the Federal Rules do not provide for entry upon the land of a non-party, but notes that the Federal Rules do not preempt a party's right to bring an independent equitable action for discovery. Fed.R.Civ.P. 34(c) provides:

This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land.

Jurisdiction in this independent equitable action is not found under the Federal Rules, but is an ancillary action by virtue of the court's jurisdiction over the main action.

Actions or proceedings which are ancillary or auxiliary to an action of which a federal court has jurisdiction do not need independent grounds of federal jurisdiction. But the pleading or motion which institutes the ancillary proceedings should show sufficient relationship of the proceedings to the main action that the court can see that jurisdiction of the main action will support the proceeding in question. 2A *Moore's Federal Practice* ¶ 8.08[5] (2d ed. 1984) (footnotes omitted).

The court is satisfied that the allegations of the equitable bill at issue here and the claims of the main action (Civil 83–1659) show a sufficient relationship to support the proceedings. The appraisals that Investors seek to take are essential to proof of its defense and crossclaim in the main action. Ancillary jurisdiction is appropriate under these circumstances to resolve this dispute.

Equity courts have long exercised their auxiliary jurisdiction to compel discovery alone without relief in aid of proceedings at law, 1 Pomeroy, *Equity Jurisprudence* (4th ed. 1918 § 192 at 265, and a suit for discovery can be brought by a defendant, as well as a plaintiff, in a pending legal action. Even though the need to resort to equity to obtain discovery at law is virtually non-existent under modern discovery rules and statutes, the majority view is that the equitable power is not entirely abrogated where effective discovery cannot be obtained under the rules or statutes. 27 C.J.S. *Discovery* § 7 at 18 (1959). Several cases have allowed an equitable bill of discovery where the parties from whom discovery was sought had a pecuniary interest in the outcome of the action at law or were in possession of information vital to the prosecution or defense of a legal action which could not be obtained from any other source. *See Arcell v. Ashland Chemical*

*Co., Inc.,* 152 N.J.Super. 471, 378 A.2d 53, 70–71 (1977).

### RIGHT OF PRIVACY

 Investors contends that the appraisals it seeks are vital to the outcome of the main action in this matter and cannot be obtained by any other means. The Dykemas and the Nielsens do not contest these allegations, but request that the court deny the relief sought on the basis that it would violate their right to privacy. While the constitution protects individuals from unwarranted intrusion into their homes, that protection is not without its limits and needs to be balanced with Investors' right of access to the courts. The harm to these defendants in allowing an appraisal is minimal. The right of Investors to a full-blown hearing with all of the facts is an essential part of full access to the courts and outweighs the Dykemas' and Nielsens' claims of privacy.

IT IS HEREBY ORDERED that defendants Dick Dykema, Gertrude Dykema, Rodney Nielsen, and Darlene Nielsen shall allow Investors or its designated representative to enter upon their lands for the sole purpose of performing an appraisal.

IT IS FURTHER ORDERED that said appraisal be conducted at the convenience of the defendants, but, in any case, not later than ten days from the date of this order; that said appraisal be completed with the utmost dispatch and with a minimum of disturbance; and that the appraisal be at no cost to the defendants.

IT IS FURTHER ORDERED that defendants' motion for an injunction is DENIED.