ROTHERY STORAGE AND VAN COMPANY, Major Van Line, Inc., and Carver Mallory, Plaintiffs,

v.

ATLAS VAN LINES, INC., Defendant.

No. 84 C 8687.

United States District Court,
N.D. Illinois, E.D.

March 12, 1985.

Thomas L. Trinley, Robert F. Briskman, Patrick Lamb, Goldstein, Simon, Briskman, Briskman, Trinley, Lamb, Chicago, Ill., for plaintiffs.

Theodore R. Tetzlaff, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

Defendant's motion to dismiss is granted.

■ Plaintiffs allege that the Court has jurisdiction over this case under 28 U.S.C. § 1332. Section 1332 authorizes civil suits in federal courts when there exists complete diversity between the opposing parties and the matter in controversy exceeds $10,000, exclusive of interest and costs. In a case such as this one, where the plaintiffs seek only declaratory and other non-monetary relief, the plaintiffs must present "substantial proof" of "facts justifying the conclusion that the action involves 'value' in the necessary amount." *Breault v. Feigenholtz,* 380 F.2d 90, 92 (7th Cir.), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 591, 19

L.Ed.2d 660 (1967). The existence of such "value" is to be measured by that which the plaintiffs seek to gain by their action— the pecuniary consequence to them. *Id.*

■ Plaintiffs have not provided proof that each of their claims involves a value greater than $10,000.[1] The only reference in the complaint to the dollar value of the stock at issue is the redemption price of $105 per share; thus, each plaintiff's stock is alleged to have been worth (at least at some time in the past) $3,150. However, redemption of their stock is *not* what plaintiffs seek in this suit. To the contrary, the complaint requests a declaration that defendant's attempts to redeem the stock were illegal. Plaintiffs also seek a declaration that their stock is still extant or, in the alternative, that it is equivalent to some number of shares of an existing class of defendant's stock. Although the complaint alleges that defendant has converted old classes of stock into a new class of common stock and has declared various stock splits and dividends on the stock, it fails to provide any facts demonstrating that the value of each plaintiff's stock exceeds $10,000. Thus, the complaint must be dismissed.

Plaintiffs have tried to bolster their jurisdictional amount allegations through their response to defendant's motion to dismiss and an affidavit. Even if the additional facts alleged in the response and affidavit are incorporated into the complaint, however, plaintiffs still have failed to prove substantially that the amount in controversy is more than $10,000. Most importantly, the footnote in the June 17, 1980 Offering Circular simply does not support the plaintiffs' claim that defendant declared that shares of Class AB stock could be exchanged for shares of the new common stock.[2]

The complaint will be dismissed without prejudice in case plaintiffs can somehow

---

1. Because each of the plaintiffs has a distinct claim against the defendant, the value of their claims may not be aggregated to satisfy the jurisdictional amount requirement. *Zahn v. International Paper Co.,* 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973).

2. As defendant points out, other sections of the Offering Circular indicate that only Class A and Class AA stock were converted under the company's recapitalization plan and that the "exchange" upon which plaintiffs base their claim is no more than a hypothetical calculation made to facilitate comparison of certain financial data.

show other facts supporting their general claim that the matter in controversy exceeds $10,000. However, plaintiffs will not be permitted to include a count seeking an equitable bill of discovery. Although this discovery device may "have been long known in the law," as plaintiffs claim, it was superseded decades ago by the adoption of the Federal Rules of Civil Procedure. *See* 4 J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice ¶¶26.-03[1] and [3]. Moreover, even a bill of discovery would not permit a party to engage in the type of "fishing expedition" sought by plaintiffs. Although plaintiffs properly are reluctant to make allegations without knowledge of their truth, the Federal Rules of Civil Procedure do allow allegations based on information and belief as well as general averments of an adversary's state of mind. *See, e.g., Tankersley v. Albright,* 514 F.2d 956, 964–65 n. 16 (7th Cir.1975); Fed.R.Civ.P. 9(b). Thus, rather than seeking a bill of discovery, plaintiffs should file a complaint containing any claim they can state in good faith and then proceed with discovery as provided in the Federal Rules.[3]

Accordingly, defendant's motion to dismiss is granted. It is so ordered.

---

**3.** In particular, plaintiffs should seek inspection of defendant's corporate records in the manner established by Delaware law. *See* Del.Code Ann. tit. 8, § 220.