No. 88-488

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

BEE BROADCASTING ASSOCIATES, a
Montana limited partnership, by
and through ROSE COMMUNICATIONS,
INC., a Montana corporation and
the limited partnership's sole
general partner,

       Plaintiff and Respondent,

vs.

WILLIAM REIER, KAREN L. REIER
and DOES I through X, inclusive,

       Defendants and Appellants.


APPEAL FROM:   The District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

William L. Madden; Goetz, Madden & Dunn, Bozeman, Montana

      For Respondent:

E. Eugene Atherton; E Eugene Atherton, P.C., Kalispell, Montana


Submitted on Briefs: January 12, 1989

      Decided:   February 27, 1989

Clerk

Filed:

'89 FEB 27 PM 1 20

ED SMITH, CLERK
MONTANA SUPREME COURT

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case comes to us on appeal after a dismissal of plaintiff's complaint in the Eighteenth Judicial District, Gallatin County, the Honorable Thomas A. Olson presiding. Appellants appeal the lower court's denial of Rule 11, M.R.Civ.P., sanctions. We affirm.

Briefly, the facts are as follows: On March 23, 1983, respondent, Bee Broadcasting, obtained a permit from the Federal Communications Commission (hereinafter FCC) to construct television station KCTZ, Channel 7, in Bozeman, Montana. However, respondent failed to begin construction within the time permitted and requested an extension. On August 7, 1984, the FCC denied the extension and cancelled the permit. Respondent petitioned for reconsideration. On September 27, 1984, appellant, Karen Reier, filed an opposition to respondent's Motion for Reconsideration, supporting the FCC's initial denial of a time extension and expressing an interest in applying for the station assignment once it again became available for public application. Thereafter, the parties filed numerous pleadings and counterpleadings before the FCC.

On June 15, 1987, appellant William Reier appeared before the Bozeman City Commission to protest the issuance of a conditional use permit for construction of microwave and satellite antennas on a building used in connection with the television studio and offices. The offices were to be used by KCTZ. The commission granted the permit on June 22, 1987.

On July 28, 1987, respondent filed an action in the District Court against appellants alleging tortious interference with prospective business relations. In response, appellants filed a comprehensive motion to dismiss,

for summary judgment and for sanctions. Appellants asserted that their conduct before the FCC and the Bozeman City Commission was protected by an absolute privilege of free speech under Art. II, sec. 6, Mont. Const. (1972) and § 27-1-804, MCA. In turn, respondent urged the court to adopt a "sham exception" to the general rule resembling that accepted in federal antitrust cases. See, Eastern Railroad Conference v. Noerr Motors (1961), 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (protected free speech unless the activity "is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor . . . " Noerr Motors, 365 U.S. at 144).

After extensive briefing and oral argument, the lower court dismissed the complaint for failure to establish a prima facie case, concluding that appellants' actions were protected free speech. While the court acknowledged the case law supporting a "sham exception" to free speech rights, it rejected an application in the instant case absent legislative action. The request for sanctions was denied. Appellants appeal from this denial, asserting the complaint was frivolous and the case law absolutely inappropriate to the circumstances.

Rule 11, M.R.Civ.P., provides in pertinent part:

> Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension,

3

> modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . .

More stringent than the original good faith formula, Rule 11 imposes an "objective reasonableness" standard designed to prevent needless litigation and avoid waste. Fed.R.Civ.P. 11 advisory committee note. Accordingly, an attorney must make a reasonable inquiry into the facts and law which serve as the basis for his complaint. A party need not be correct in his view of the law. Rather, "[t]he pleader, at a minimum, must have a 'good faith argument' for his or her view of what the law is, or should be." Zaldivar v. City of Los Angeles (9th Cir. 1986), 780 F.2d 823, 831.

The respondent asserted a "sham exception" to the free speech rights claimed by appellants. Though readily applied in antitrust cases, the lower court denied its application in the instant case, finding that "without legislative action, the court is reluctant to limit or punish free speech." Contrary to appellants' assertions, the lower court did not reject respondent's claim "out of hand," nor find the assertion so inappropriate as to constitute a frivolous or unreasonable claim. Rather, the court requested briefing and argument to further educate on the merits of the issue. Only after inquiry did the District Court reject respondent's claim and dismiss the complaint. The granting of a motion to dismiss is not dispositive on the issue of sanctions.

The decision to order sanctions in a given case rests within the sound discretion of the district court. State ex rel. Sorenson v. Roske (Mont. 1987), 745 P.2d 365, 44 St.Rep. 1854; Schmidt v. Colonial Terrace Associates (Mont. 1986), 723 P.2d 954, 43 St.Rep. 1489. The record reveals no abuse of discretion.

Affirmed.

Justice

We concur:

Justices