No. 91-626

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

VLADIMIR JACILDO,

Plaintiff and Respondent,

-vs-

JOHN McFADDEN,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lloyd E. Hartford, Attorney at Law, Billings,
Montana.

For Respondent:

Joan E. Cook, Miller & Cook, Great Falls, Montana.

Submitted on briefs: April 24, 1992

Decided: May 28, 1992

Filed: MAY 2 8 1992

FILED

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court for the Thirteenth Judicial District, Yellowstone County, denied the motion of defendant John McFadden that Rule 11, M.R.Civ.P., sanctions be imposed against plaintiff Vladimir Jacildo and his attorney. McFadden appeals. We affirm.

The issue is whether the District Court erred in refusing to impose Rule 11 sanctions.

Vladimir Jacildo filed this action in January 1990 to recover damages for injuries he suffered while participating in a karate tournament in Billings, Montana, in October 1989. John McFadden was one of several defendants named. In June 1991, the District Court granted McFadden's motion for summary judgment on grounds that McFadden, an agent of the corporation which sponsored the karate tournament, was not a proper party and that Jacildo had signed a liability waiver which released McFadden and the corporation from liability for ordinary negligence.

Jacildo moved to obtain leave to file an amended complaint naming additional defendants. His motion was denied. He then moved for reconsideration, under Rule 59(g), M.R.Civ.P., of the ruling on the motion to amend the complaint and the summary judgment for McFadden. The motion for reconsideration was also denied.

In September 1991, McFadden filed his motion for Rule 11 sanctions. After briefs were filed by both parties, the court

2

denied the motion without comment.  In October 1991, Jacildo and the remaining defendant agreed to a settlement and the action was dismissed with prejudice.  Following that final disposition of the case, McFadden appealed.

Rule 11, M.R.Civ.P., provides in pertinent part

Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Both Jacildo and his attorney signed the complaint filed in this case.

This Court has adopted the view that to satisfy Rule 11, M.R.Civ.P., a party need not be correct in his view of the law, but the party must have a good faith argument for his or her view of what the law is or should be.  Bee Broadcasting Associates v. Reier (1989), 236 Mont. 275, 277-78, 769 P.2d 709, 710.  The granting of

3

a motion to dismiss is not dispositive of the issue of sanctions and the decision to order sanctions in a given case rests within the sound discretion of the district court. Bee Broadcasting, 769 P.2d at 711.

McFadden argues that the facts do not support the claim that he owed Jacildo a duty of care which he breached, proximately causing Jacildo's injuries, or that Jacildo suffered out-of-pocket damages. McFadden also contends that a reasonable investigation should have disclosed that the liability waiver signed by Jacildo was legally enforceable and precluded the cause of action against McFadden and the corporation.

Jacildo maintains, as he did before the District Court, that his investigation prior to filing the complaint indicated that McFadden acted individually to arrange the karate tournament. He points out that under §§ 27-1-307 and -308, MCA, tort damages may be recovered for expenses paid by medical insurance. Jacildo's attorney submitted affidavits describing her legal and factual investigation prior to filing the complaint. She cites an Illinois case which she argues supports the view that Montana law should be modified so that the liability waiver Jacildo signed could be avoided if a jury found negligence on the part of the defendants.

McFadden also contends that Jacildo's Rule 59(g), M.R.Civ.P., motion to reconsider the summary judgment restated the same theory previously rejected by the District Court, was premature, and

4

protracted this litigation. When Jacildo filed the motion, he set forth two supporting arguments not previously briefed. There is no evidence that Jacildo's pleadings were interposed for an improper purpose.

We conclude that Jacildo has presented a good faith argument supporting his position. We therefore hold that the District Court did not abuse its discretion in refusing to allow sanctions.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5

May 28, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

LLOYD E. HARTFORD
412 North Broadway
P.O. Box 1517
Billings, MT 1517

Joan E. Cook
MILLER & COOK
600 Central Plaza, Suite 330
Great Falls, MT 59401

Joseph P. Hennessey
HENNESSEY LAW OFFICE
333 Second Avenue North #130
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy